UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| LINDSAY C. VANAS | * | CIVIL |
| | * | |
| VERSUS | * | |
| | * | NO: |
| GASTROENTEROLOGY GROUP, | * | |
| A MEDICAL CORPORATION | * | SECTION: "   " |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

Plaintiff, Lindsay C. VanAs, through the undersigned attorneys, complains as follows concerning Defendant, Gastroenterology Group, A Medical Corporation ("AMC"):

## PARTIES

1.

Plaintiff, Lindsay C. VanAs ("Plaintiff"), is a person of full age and majority and a resident of Mandeville, Louisiana, located in the Parish of St. Tammany, Louisiana.

2.

Defendant, Gastroenterology Group, A Medical Corporation ("Gastroenterology Group AMC"), is a domestic corporation organized under the laws of Louisiana, with its principal place of business in Covington, Louisiana, located in the Parish of St. Tammany, Louisiana.

**JURISDICTION AND VENUE**

3.

This is an action for damages seeking to enforce rights secured by Tile VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act of 1978 (collectively, the "PDA"), 42 U.S.C. § 2000e(k). Jurisdiction is conferred upon this Court by 28 U.S.C.S. §§ 1331 and 1367. Supplemental jurisdiction over Count II, plaintiff's state law cause of action for violation of the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. § 23:303, *et. seq.*, is appropriate because the LEDL claim is based upon the same nucleus of operative facts as plaintiff's PDA claim.

4.

Venue is proper within this district and division pursuant to 28 U.S.C.S. 1391, in that all or a substantial part of the events or omissions giving rise to plaintiff's claims occurred within the Eastern District of Louisiana.

5.

Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and La. R.S. § 23:303, *et. seq.*

6.

Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and La. R.S. § 23:303, *et. seq.*,

7.

Plaintiff alleges that Gastroenterology Group AMC had in excess of fifteen (15) employees.

8.

Plaintiff satisfied her obligation to exhaust administrative remedies by timely filing a charge of discrimination against Gastroenterology Group AMC with the Equal Employment Opportunity Commission alleging violation of Title VII.  Plaintiff received her Notice of Right to Sue and timely files this Complaint within ninety (90) days of receipt thereof.

**FACTS**

9.

On or about November 3, 2008, plaintiff was hired as a medical records assistant at Gastroenterology Group AMC by Lisa Robinson ("Robinson"), a supervisor.  At that time, plaintiff informed Robinson that she was pregnant.

10.

Upon information and belief, Robinson reacted positively to plaintiff's admission that she was pregnant.

11.

Upon information and belief, Robinson offered to pay plaintiff a higher hourly rate based on her experience and because plaintiff already received medical benefits and/or coverage through her husband's employer.

12.

Plaintiff began working for Gastroenterology Group AMC as a medical records assistant on November 4, 2008.

13.

Plaintiff's supervisors were Robinson and Hazel Walters ("Walters").

14.

Plaintiff also reported to two physicians, Drs. Catherine J. Murray ("Dr. Murray") and Felix G. Rabito, Jr. ("Dr. Rabito").

15.

As an employee of Gastroenterology Group AMC, plaintiff regularly worked an average of 45 hours per week.

16.

At all times during her pregnancy, plaintiff was qualified to perform her job duties and intended to return to her job after the birth of her child and six weeks maternity leave.

17.

During her employment at Gastroenterology Group AMC, plaintiff received no criticism, counseling, or formal discipline for any type of deficient performance or misconduct.

18.

In fact, plaintiff was praised by Dr. Rabito for her job performance and work ethic.

19.

On March 10, 2009, plaintiff was called into the management office for a meeting with Robinson and Walters. At that time, plaintiff was informed she was being terminated because her supervisors were concerned plaintiff's pregnancy and maternity leave would be detrimental to the office.

20.

Robinson and Walters stated that plaintiff's health could be compromised as a result of her pregnancy, which would be problematic for the office.

21.

Additionally, Robinson and Walters stated that they were unsure of plaintiff's plans to return to work after her maternity leave.

22.

In other words, plaintiff was terminated due to her pregnancy and her impending maternity leave.

23.

Plaintiff was rendered speechless by her sudden termination and began to cry.

24.

Robinson offered to write plaintiff a letter of recommendation because of her excellent work ethic and ability to work with others.

25.

On March 11, 2010, plaintiff began experiencing painful premature labor contractions brought on by extreme stress from her termination the previous day.  She was about to leave for the hospital when she received a phone call from Robinson and Walters.

26.

During the telephone conversation, Robinson and Walters expressed dismay over plaintiff's termination and inquired as to how plaintiff was feeling.

27.

Robinson and Walters offered plaintiff 40 hours of pay as severance and encouraged her to collect unemployment benefits.

28.

At the conclusion of the telephone call, plaintiff immediately went to the hospital for her premature labor contractions and pain.

29.

Plaintiff had to be closely monitored at the hospital as a result of her premature labor contractions. The hospital's nurse observed that plaintiff had obviously been under a lot of stress and that her pain and contractions were caused by stress.

30.

Plaintiff's treating physician confirmed that her premature contractions and pain were caused by stress.

31.

Additionally, plaintiff subsequently developed an infection that her treating physician attributed to stress.

32.

Plaintiff alleges that other similarly situated employees, outside of the protected class, were treated more favorably.

33.

Plaintiff alleges that two (2) weeks prior to her termination, defendant hired a new employee and charged plaintiff with training the new employee.

34.

Upon information and belief, the new employee was not pregnant.

35.

Plaintiff alleges that defendant's actions were discriminatory and based on illegal motivation due to her pregnancy and impending maternity leave.

36.

Plaintiff reserves her right to supplement and amend this Complaint upon the discovery of additional facts.

**COUNT I: PREGNANCY DISCRIMINATION UNDER FEDERAL LAW**

37.

Due to the above and foregoing allegations, defendant, Gastroenterology Group AMC is liable unto plaintiff pursuant to Tile VII and the PDA. As such, defendant is liable unto plaintiff for the damages set out *infra*.

38.

As a result of defendant's violation of Title VII and the PDA, plaintiff has suffered damages in the following, non-exclusive respects:

  a.  Back Pay including benefits;

  b.  Front Pay including benefits;

  c.  Pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, inconvenience, and humiliation;

  d.  General and punitive damages;

  e.  Loss of income and/or earnings potential including benefits; and

  f.  Reasonable attorney fees, costs, and legal interest.

## COUNT II: PREGNANCY DISCRIMINATION UNDER LOUISIANA LAW

39.

Due to the above and foregoing allegations, defendant, Gastroenterology Group AMC, is liable unto plaintiff pursuant to the LEDL.  As such, defendant is liable unto plaintiff for the damages set out *infra*.

40.

As a result of defendant's violation of the LEDL, plaintiff has suffered damages in the following, non-exclusive respects:

a. Back Pay including benefits;

b. Front Pay including benefits;

c. Pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, inconvenience, and humiliation;

d. General damages;

e. Loss of income and/or earnings potential including benefits; and

f. Reasonable attorney fees, costs, and legal interest from the date of judicial demand in accordance with Louisiana law.

41.

Plaintiff demands and is entitled to a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Lindsay C. VanAs, prays that defendant, Gastroenterology Group, AMC, be duly cited to appear and answer this Complaint, for a trial by jury on all issues, and after due proceedings and legal delays, that there be judgment herein in favor of plaintiff and against defendant, in an amount reasonable in the premises, together with legal interest from the

date of judicial demand, all costs of these proceedings, reasonable attorney fees, punitive damages, and any and all general and equitable relief deemed just and proper by this Court under the circumstances.

Respectfully Submitted,

*/s/ Darrin L. Forte*
DARRIN L. FORTE, Bar No. 26885
TIANA R. CHRISTOPHER, Bar No. 31661
GARRISON, YOUNT, FORTE, &
MULCAHY, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504)527-0680
Facsimile: (504)527-0686
*Attorneys for Plaintiff Lindsay C. VanAs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **LINDSAY C. VANAS** | * | **CIVIL** |
| | * | |
| **VERSUS** | * | |
| | * | **NO:** |
| **GASTROENTEROLOGY GROUP,** | * | |
| **A MEDICAL CORPORATION** | * | **SECTION: " "** |
| | * | |
| | * | |

***********************************************************************

## VERIFICATION

Pursuant to the provisions of 28 U.S.C. § 1746, I verify under penalty of perjury that I have read the foregoing Complaint, and it is true and correct to my personal knowledge and belief.

Mandeville, Louisiana, this  3rd  day of June, 2010.

_____
Lindsay C. VanAs