UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LINDSAY C. VANAS  2:10-cv-1648

VERSUS  JUDGE DONALD E. WALTER

GASTROENTEROLOGY GROUP  MAGISTRATE JUDGE ROBY

### ORDER

Before the Court is a Motion for Summary Judgment filed on behalf of Defendant, Gastroenterology Group ("GG"). [Doc. #18]. Plaintiff, Lindsay VanAs ("VanAs"), opposes this motion. Upon due consideration, this Court finds that genuine disputes as to material facts exist. In particular, genuine disputes exist as to who was the decisionmaker that decided to terminate VanAs's employment and whether GG's alleged reasons for terminating VanAs are merely pretext for a discriminatory purpose. Accordingly, the Motion for Summary Judgment [Doc. #18] is **DENIED**.

Further, in opposing the Motion for Summary Judgment, VanAs's counsel requests relief under Rule 56(f) [now Rule 56(d)]. In support of its Motion for Summary Judgment, GG included the affidavit of Dr. Catherine Murray ("Murray"). In her affidavit Murray stated that she made the decision to fire VanAs without influence from other employees of GG. [Doc. #18-12 (Exhibit D to Defendant's Motion) at ¶5]. VanAs's counsel contends that this argument was first raised in the Motion for Summary Judgment, thus he should be given the opportunity to traverse Murray's affidavit by deposition. [Doc. #19-24 (Exhibit J to Plaintiff's Opposition)].

Because the Court is denying the Motion for Summary Judgment, relief under Rule 56 is not necessary. The Court, however, will not grant leave for Plaintiff to notice a deposition for Murray at this stage in the litigation. According to the Scheduling Order [Doc. #11], the deadline for depositions and discovery was April 7, 2011. GG filed the Motion for Summary Judgment [Doc. #18] on March 22,

alone well before the motion for summary judgment was filed. In depositions on February 8, 2011, Hazel Walters and Lisa Robinson both testified that Murray made the call to fire VanAs. [Doc. #19-20 (Deposition of Lisa Robinson) at 63:10-15; Doc. #19-22 (Deposition of Hazel Walters) at 85:10-17 and 92:20-93:5]. Further, on February 25, 2011, GG listed Murray as a may call witness. [Doc. #14]. One requirement for receiving Rule 56(d) relief is a showing by the nonmovant (in this case VanAs) that she "[has] acted in a diligent fashion so as not to have put [herself] in the current position through inaction." *Tonnas v. Stonebridge Life Ins. Co.*, 78 Fed.Appx. 966, 968 (5 th Cir. 2003) (citing *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992)). VanAs has not made a sufficient showing to justify upsetting the scheduling order and permitting the deposition of Murray.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this _11_ day of May, 2011.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE